### No. 9117.

EMERSON AND BUCKINGHAM BANK & TRUST COMPANY *v.* GERMAN AMERICAN TRUST COMPANY.

PROMISSORY NOTE—*Endorser*—*Notice of Dishonor.* Where the parties to commercial paper reside in different places notice of the dishonor must, if by mail, be deposited in the post in time to go out on the day following the dishonor (Rev. Stat. secs. 4567, 4570).

Delay while investigating the apparent erasure of a party's name on the paper not excused.

*Error to Denver District Court, Hon. John A. Perry, Judge. Department.*

Messrs. PERSHING, TITSWORTH & FRY, Mr. ROBERT G. BOSWORTH, for plaintiff in error.

Messrs. FILLIUS, FILLIUS & WINTERS, for defendant in error.

Opinion by Mr. Justice Teller.

The plaintiff in error seeks to recover from the defendant in error as an indorser on a promissory note held by the former. The trial court found in favor of the defendant and entered judgment accordingly.

The facts, as they appear by stipulation, are that the note fell due on July 7, 1914; that, on July 2, the plaintiff mailed it, at Longmont, Colorado, to the Colorado National Bank, of Denver, to be forwarded to New York, where it was payable, for presentment to the maker. It was received by the Denver bank July 6th, and dispatched at once to New York. It was there presented for payment July 9th, and, payment not being made, it was protested, and notice of dishonor sent to parties who appeared liable as indorsers but not to the defendant. Its indorsement had been apparently removed by a line of ink drawn through it.

Plaintiff, however, on July 13th or 14th, received the note, and notice of its non-payment, but did not give defendant notice of the note's dishonor until July 20th.

The trial court found, among other things which prevented a recovery, that the delay of six or seven days in giving the defendant notice was not excusable, and that due notice of dishonor had not been given to defendant.

The parties residing in different places, the notice must be given as required by Sec. 4567, R. S. 1908. If sent by mail, it must be deposited in the post office in time to go by mail on the day following the dishonor, or the receipt of notice of it, (Sec. 4570, R. S. 1908); or, if given otherwise than by mail, then within the time that it would have been received in due course of mail.

It appears that notice was delayed pending an attempt to ascertain why the defendant's indorsement had been

marked out, but there is no apparent reason why the notice could not have been given while that inquiry was going on.

We agree with the trial court that no excuse for the delay is shown, and hence, on this record, the defendant is not liable on its indorsement. This being so, it is unnecessary to consider the other questions argued in the briefs.

The judgment is affirmed.

*Judgment affirmed.*

Chief Justice Hill and Mr. Justice White concur.